**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STERLING POPE,

     Plaintiff,

v.                                      Case No: 8:15-cv-1774-30JSS

20/20 COMMUNICATIONS, INC.,

     Defendant.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 10) and Defendant's Response in Opposition thereto (Dkt. 11). The Court having reviewed the motion, response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion to remand should be denied.

## **BACKGROUND**

On June 15, 2015, Plaintiff Sterling Pope initiated this action against Defendant 20/20 Communications, Inc., his former employer, for violations of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-.11, in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. In his complaint, Pope alleges claims of employment discrimination under the FCRA against 20/20 based on gender (Count I) and age (Count II). Pope seeks to recover back pay, front pay (or reinstatement), compensatory damages, including emotional distress, punitive damages, costs, and attorney's fees.

On July 1, 2015, 20/20 was served with the summons and complaint. On July 30, 2015, 20/20 filed a notice of removal based on diversity jurisdiction. 20/20 states that the parties are diverse and Pope's damages exceed the amount-in-controversy requirement. The notice of removal also relies on the Declaration of Janee Booth, 20/20's Legal Affairs Manager, that states that Pope's counsel demanded $104,000 in damages prior to filing this lawsuit. Booth's Declaration also states that during Pope's thirty-four weeks of employment at 20/20, his total gross pay, excluding employee benefits and any non-wage benefits, was $29,840.90. Based on these wages, 20/20 estimates a back pay award, assuming this case proceeds to trial in twelve months, of approximately $77,233.[1]

Pope now seeks to remand this case to state court arguing that 20/20 failed to satisfy its burden of establishing that the amount in controversy exceeds the jurisdictional threshold of $75,000.

The Court concludes that 20/20 established that the amount in controversy exceeds $75,000.

### DISCUSSION

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity of citizenship

---

[1] Pope's employment ended on November 11, 2014. Thus, if this case were to proceed to trial in just twelve months from the date of filing of the notice of removal, the calculation is as follows: 88 weeks (i.e., November 11, 2014 - July 25, 2016) multiplied by a weekly salary of $877.65 (i.e., $29,840 divided by 34 weeks of employment).

exists.   The sole issue is whether 20/20 established that the amount in controversy exceeds $75,000.

When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted).  However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should first look to the complaint.  *Id.*  If the amount is unascertainable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to the motion to remand.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  In *Pretka*, the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal.  608 F.3d at 770-71.  This evidence may include the removing defendant's own affidavit, declaration, or other documentation.  *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount."  *Id.* at 770 (citation and internal quotation marks omitted).  "Instead, courts may use their judicial

3

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

In the complaint, Pope simply alleges that his damages exceed $15,000. Thus, it is not facially apparent from the complaint that the amount-in-controversy requirement has been met. 20/20 alleges that Pope's back and front pay damages, combined with an award of non-economic damages, punitive damages, and attorney's fees, more likely than not exceed the amount-in-controversy requirement. 20/20 also asserts that Pope's pre-suit demand of $104,000 supports its contention that the jurisdictional threshold has been met.

The Court agrees that Pope's damages more likely than not exceed the jurisdictional requirement. This Court has previously held that back-pay damages may be calculated through the proposed date of trial. *See Hallmeyer v. Gateway Clippers LLC*, No. 8:12-cv-2876-T-30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013). Accordingly, the Court accepts Defendant's calculation of back pay at $77,233.

In addition to the back pay estimate that already exceeds the jurisdictional requirement, Pope also seeks front pay, punitive damages, attorney's fees, and damages associated with emotional distress. Under the FCRA, punitive damages are recoverable but limited to $100,000. *See* Fla. Stat. § 760.11(5). The FCRA also permits an award of attorney's fees. *See id.* Taking these damages as a whole, common sense dictates that the jurisdictional requirement is easily satisfied.

In sum, construing Pope's damages as a whole and applying its "judicial experience and common sense," the Court concludes that 20/20 has established that Pope's damages more likely than not exceed $75,000. *See Roe*, 613 F.3d at 1062. This

conclusion is further supported by the pre-suit demand of $104,000.  *See Zabala v. Geovera Specialty Ins. Co.*, No. 8:10-cv-2222-T-30EAJ, 2010 WL 4680851, at *2 (M.D. Fla. Nov. 10, 2010) (noting that plaintiff's pre-suit demand supported the amount-in-controversy requirement); *see also AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 10) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-1774.mtremand-10-employment-deny.wpd